UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MERVIN FRANCIS, on behalf of himself and
all others similarly situated,

          Plaintiff,

 -against-

ERICH STREICH, P.C.

          Defendant.
-----------------------------------------------------------X

FILED
JUL 11 2006
USDC WP SDNY

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

**06 CIV. 5254**

**JUDGE PAULEY**

Plaintiff, by and through his undersigned attorneys, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff Mervin Francis (hereinafter "Francis") is a resident of the State of New York, Bronx County. On or about August 8, 2005, plaintiff Francis received and came into contact with a form debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5.      Defendant Eric Streich, P.C. is a domestic professional corporation engaged in the business of collecting debts with its principal place of business located in New York, New York. Defendant regularly attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6.      Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers who have received debt collection notices and/or letters from the defendant which are in violation of the FDCPA, and their successors in interest as described in paragraphs 16 through 19 (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Eric Streich, P.C.

7.      This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10) and 1692g(a)(3).

b. Whether plaintiff and the Class have been injured by the defendant conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory and/or injunctive relief.

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about August 8, 2005, defendant mailed a collection letter addressed to Mervin Francis. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a debt allegedly owed by plaintiff to Unifund CCR Partners. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by deceptively stating that the consumer needs to dispute the validity of the debt, in writing, in order to rebut the debt collectors presumption of the validity of the debt, by stating:

**"Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion of it, this office will assume the debt to be valid."**

18. 15 U.S.C. § 1692g(a)(3) does not require the consumer to dispute a debt, in writing, for purposes of rebutting the debt collector's presumption of the validity of the debt.

19. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a declaratory Order requiring defendant to make corrective disclosures;

c) Awarding plaintiff and the class statutory damages;

d) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

e) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated:      July 7, 2006
            Uniondale, New York

*[signature]*

Abraham Kleinman (AK-6300)
Lawrence Katz   (LK-0062)
Katz & Kleinman PLLC
626 Reckson Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile   (888) 903-8400

**EXHIBIT A**

# ERIC STREICH, P.C.

LAW OFFICES

51 EAST 42ND STREET
SUITE 310
NEW YORK, NEW YORK 10017-5404

WWW.ERICSTREICHPC.COM

TEL 212-599-0971
FAX 212-599-0972
E-MAIL ESPC@ERICSTREICHPC.COM

August 8, 2005

MERVIN FRANCIS
656 E 180th St
Bronx, NY 10457

**Client**     :  UNIFUND CCR PARTNERS as assignee of GATEWAY
**Debtor**     :  MERVIN FRANCIS
**Amount Due** :  $2,209.62
**File No.**   :  17648

DEAR MERVIN FRANCIS:

Please be advised that I represent the above client with respect to the amount you owe as shown above. My client has sent this account to me for collection.

Unless you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion of it, this office will assume the debt to be valid. If you do notify this office in writing within thirty (30) days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail such verification or judgment to you. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector, is an attempt to collect this debt and any information obtained will be used for that purpose.

Very truly yours,

ERIC STREICH, P.C.

By: _____
Eric Streich, Esq.